Douglas Edward Eshbach,    :
       Petitioner  :
           :
    v.      :
           :
Unemployment Compensation  :
Board of Review,    : No. 882 C.D. 2024
     Respondent  : Submitted: October 7, 2025


BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
    HONORABLE ANNE E. COVEY, Judge
    HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY       FILED: December 9, 2025

Douglas Edward Eshbach (Claimant) petitions this Court, pro se, for review of the Unemployment Compensation (UC) Board of Review's (UCBR) May 10, 2024 order affirming the Referee's decision that dismissed Claimant's appeal because Claimant was not an aggrieved party. In response to Claimant's Petition for Review (Petition), the UCBR filed an Application for Relief in the Form of a Motion to Quash Claimant's Petition and Dismiss Claimant's Appeal (Motion to Dismiss). There are two issues before this Court: (1) whether Claimant's appeal to this Court should be dismissed; and (2) whether the Referee properly dismissed Claimant's appeal. After review, this Court grants the UCBR's Motion to Dismiss.

## Background

On January 22, 2023, Claimant applied for UC benefits. On January 23, 2023, the Erie UC Service Center determined that Claimant was financially

eligible for UC benefits (Monetary Determination). Claimant appealed from the Monetary Determination on January 16, 2024. On March 7, 2024, a Referee dismissed the appeal without a hearing because Claimant was not an aggrieved party (March 7, 2024 Decision). Claimant appealed to the UCBR.

Meanwhile, on May 31, 2023, the Altoona UC Service Center issued two determinations: (1) a determination that Claimant was not eligible for UC benefits under Section 401(d) of the UC Law (Law);[1] and (2) a non-fault overpayment determination. Claimant appealed from both Altoona UC Service Center determinations on November 20, 2023. A Referee held a hearing on December 11, 2023. On December 13, 2023, the Referee dismissed the appeals as untimely under Section 501(e) of the Law (December 13, 2023 Decision).[2]

Although it appears Claimant attempted to appeal from the December 13, 2023 Decision,[3] Claimant in fact appealed from the March 7, 2024 Decision to the UCBR.[4] On May 10, 2024, the UCBR affirmed the March 7, 2024 Decision (May 10, 2024 Decision/Docket No. 2024001626-BR).[5]

## Facts

On June 7, 2024, Claimant mailed a letter to this Court expressing his desire to appeal from the UCBR's May 10, 2024 order. Therein, he stated: "I am

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(d)(1) (relating to ability and availability for suitable work). It appears the disqualification was based on Claimant checking a box stating that he was a *person* of the United States instead of a *citizen* of the United States.

[2] 43 P.S. § 821(e) (an appeal must be filed with the Referee "no later than [21] calendar days after the "Determination Date" provided on such notice[.]").

[3] *See* Certified Record (C.R.) at 55 (email acknowledging that Claimant may have appealed from the wrong determination).

[4] *See* C.R. at 77 (acknowledgement of appeal from March 7, 2024 Decision).

[5] It appears Claimant did not appeal from the December 13, 2023 Decision, as there is no appeal from the December 13, 2023 Decision in the Certified Record.

filing this appeal for . . . Docket: 2024001626-BR[,]" and attached the UCBR's May 10, 2024 Decision.[6]  By June 11, 2024 Notice (Notice), this Court directed Claimant to file a petition for review within 30 days in order to perfect his appeal.  On July 10, 2024, Claimant filed the Petition appealing from Docket No. 2024001626-BR, and attached the UCBR's May 10, 2024 Decision.[7]

On November 18, 2024, the UCBR filed its Motion to Dismiss, alleging therein that Claimant was not aggrieved by the UCBR's May 10, 2024 order, as that order did nothing other than affirm and adopt the Referee's dismissal of Claimant's appeal improperly taken from the Monetary Determination.  On December 20, 2024, the UCBR filed an Application to Stay the UCBR'S Briefing Schedule Pending Resolution of the Motion to Dismiss (Application to Stay).  By December 27, 2024 Memorandum and Order, this Court granted the UCBR's Application to Stay.  By March 26, 2025 Memorandum and Order, this Court directed its Prothonotary to list the Motion to Dismiss with the merits of the appeal.

**Motion to Dismiss**

In its May 10, 2024 Decision, the UCBR stated, in relevant part:

> The [UCBR], after considering the entire record in this matter, concludes that the determination made by the Referee (attached) is proper under the [Law].  Therefore, the [UCBR] adopts and incorporates the Referee's findings and conclusions.  Here, the Department of Labor and Industry [(Department)] issued a [Monetary

---

[6] Claimant's argument therein, however, clearly did not correspond with the decision from which he was seeking to appeal.

[7] This Court's "review [of the UCBR's order] is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence.  [*See*] Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704."  *Hope v. Unemployment Comp. Bd. of Rev.*, 308 A.3d 944, 947 (Pa. Cmwlth. 2024).

> D]etermination finding [] [C]laimant financially eligible for [UC] benefits, and as such, there was not an appealable issue for [] [C]laimant to take to the Referee.
>
> Accordingly, the [UCBR] enters the following order:
>
> The decision of the Referee is affirmed. [] [C]laimant's appeal is dismissed for being non-aggrieved.

Certified Record at 85.

When Claimant contacted this Court regarding his desire to appeal from the UCBR's May 10, 2024 Decision, he attached the May 10, 2024 Decision. Thereafter, this Court expressly notified Claimant: "[U]nless your petition for review is filed and the filing fee (if any) is paid **within 30 days of the date of this [N]otice**, the Court will take no further action in this matter." Notice at 1 (emphasis in original). Thereafter, Claimant timely filed the ancillary Petition identifying UCBR Docket No. "2024001626-BR" as the "order" from which he appealed. Petition at 1. The UCBR subsequently filed its Motion to Dismiss. Claimant did not file a response thereto.

The UCBR argues that Claimant's appeal to this Court is invalid because he is not aggrieved by the Department's conclusion that Claimant was financially eligible for the maximum amount of benefits in connection with his UC claim. The UCBR asserts that Pennsylvania law confers the right of appeal only on parties who are aggrieved, i.e., harmed, by an administrative action. The UCBR insists that Claimant was not and never has been aggrieved by the Monetary Determination, which he has appealed to the Referee, the UCBR, and this Court, because he was found financially eligible for UC benefits for the maximum benefit amount and the maximum number of claim weeks. The UCBR proclaims that because Claimant cannot show that he was ever aggrieved, this Court must dismiss his appeal.

4

Pennsylvania Rule of Appellate Procedure 501 provides:

> Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom.
>
> *Note:* Whether or not a party is aggrieved by the action below is a substantive question determined by the effect of the action on the party, etc.

Pa.R.A.P. 501. "If a party is not adversely affected in any way by the determination being challenged, the party is not aggrieved and, thus, has no standing to obtain a judicial resolution of the challenge." *Energy Conservation Council of Pa. v. Pub. Util. Comm'n*, 995 A.2d 465, 475 (Pa. Cmwlth. 2010).

Here, it is inconceivable how Claimant could possibly be aggrieved by an order dismissing an appeal when Claimant was not aggrieved by the Monetary Determination that found him eligible for UC benefits at the highest amount for the maximum weeks available. Because Claimant is not aggrieved, he has no standing to appeal. While this Court is sympathetic to the fact that Claimant meant to appeal from a different Referee decision, this Court can only rule on the appeal before it.[8] It is axiomatic that "any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." *Arena Beverage Corp. v. Pa. Liquor Control Bd.*, 97 A.3d 444, 452 (Pa. Cmwlth. 2014) (quoting *Vann v. Unemployment Comp. Bd. of Rev.*, 494 A.2d 1081, 1086 (Pa. 1985)). Accordingly, this Court is constrained to grant the UCBR's Motion to Dismiss.[9]

---

[8] Moreover, because Claimant never appealed from the Referee's December 13, 2023 Decision to the UCBR, there is no other UCBR order for this Court to rule upon.

[9] The Referee in his December 13, 2023 Decision noted: "[C]laimant may wish to contact the UC Service Center to inform the Department of his submission of his Birth Certificate, Social Security card and Driver's License at the appeal hearing for further consideration by the UC Service Center." December 13, 2023 Dec. at 3. This Court encourages Claimant to do so, if he has not already provided the same.

**Conclusion**

For all of the above reasons, the UCBR's Motion to Dismiss is granted.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Douglas Edward Eshbach, :
                Petitioner :
  :
        v. :
  :
Unemployment Compensation :
Board of Review, :    No. 882 C.D. 2024
                Respondent :

## O R D E R

AND NOW, this 9th day of December, 2025, the Unemployment Compensation Board of Review's Application for Relief in the Form of a Motion to Quash Douglas Edward Eshbach's Petition for Review and Dismiss Claimant's Appeal is granted.

_____
ANNE E. COVEY, Judge